UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03497-MWC-ADS Date: August 14, 2026

Title: Carlos Munoz v. Ernesto Santacruz Jr., *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR ATTORNEYS' FEES (DKT. [16])**

Before the Court is Petitioner Carlos Muñoz's ("Petitioner") Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, ("Motion"). Dkt. # 16 ("*Mot.*"). In support of the Motion, Petitioner filed the Declaration of Priva Arvind Patel. Dkt. # 16-1 ("*Patel Decl.*"). Respondents Ernesto Santacruz Jr., Todd M. Lyons, Markwayne Mullin, and Pam Bondi (collectively, "Respondents") do not oppose. *See id.* at 2; *see* Dkt. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. After considering the papers, the Court **DENIES** Petitioner's Motion for Attorneys' Fees **WITHOUT PREJUDICE**.

I. Background & Procedural History

On April 1, 2026, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. *See* Dkt. # 1. On that same day, Petitioner filed a motion for a Temporary Restraining Order ("TRO"). Dkt. # 4. On April 2, 2026, the Court granted Petitioner's TRO and enjoined Respondents from re-detaining Petitioner unless and until Petitioner is provided notice and a hearing before this Court or another neutral decisionmaker. *See* Dkt. # 5.

On April 3, 2026, the Court ordered Respondents to show cause as to why a preliminary injunction should not be issued. *See* Dkt. # 8. On April 10, 2026, Respondents filed a response that they "are not presenting an opposition argument as to why a

preliminary injunction should not be issued, nor are they presenting an opposition argument to the Petition. . . ." Dkt. # 12 at 2. On April 24, 2026, the Court granted the habeas Petition and granted a Permanent Injunction enjoining Respondents from re-detaining Plaintiff without written notice and a pre-deprivation hearing before a neutral decisionmaker and enjoining Respondents from removing Plaintiff to any third country without written notice to Petitioner and Petitioner's counsel. *See* Dkt. # 13. Now before the Court is Petitioner's unopposed Motion for Attorney's Fees where Petitioner requests $5,000.00 under the EAJA. *See Mot.* at 2. Petitioner's Counsel represents that the Motion is unopposed, *Patel Decl.* at 2, and Respondents did not timely file an opposition. *See* Dkt; *see also* L.R. 7-9.

II. Legal Standard

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Benally v. U.S. Off. of Navajo and Hopi Indian Relocation*, 154 F.4th 630, 633 (9th Cir. 2025) (citation omitted); *Su v. Bowers*, 89 F.4th 1169, 1176 (9th Cir. 2024); *Meza-Vazquez v. Garland*, 993 F.3d 726, 728 (9th Cir. 2021) (same). "The government bears the burden of showing that it was substantially justified in both [its] litigation position and the underlying agency action giving rise to the civil action." *Meza-Vazquez*, 993 F.3d at 729 (internal quotation marks and citation omitted). "For the government's position to be substantially justified, it must have a reasonable basis both in law and fact." *Bowers*, 89 F.4th at 1176 (internal quotation marks and citation omitted). If the government's position was not substantially justified "in law or fact," then the prevailing party is entitled a reasonable award of attorneys' fees and costs. *Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1132 (E.D. Cal. 2022) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Once the prevailing party has shown it is entitled to "reasonable attorney's fees under the EAJA . . . it remains for the district court to determine what fee is reasonable." *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1364 (9th Cir. 2024) (internal quotation marks and citation omitted). "The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable" and thus "bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 259 (E.D. Cal. 2019)

(internal quotation marks and citation omitted); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The EAJA permits fee awards "based upon prevailing market rates for the kind and quality of the services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).

"By statute, hourly rates for attorney's fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living." *Hill*, 428 F. Supp. 3d at 263 (citations omitted). Pursuant to *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. *See Hill*, 428 F. Supp. 3d at 263; *see also* U.S. Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 24, 2026). Currently, EAJA fees are statutorily capped at an hourly rate of $258.46. *See Statutory Maximum Rates*, *supra*; *see also Gomez Gomez v. Casey*, No. 25-cv-3674-AGS-AHG, 2026 WL 1806726, at *1 (S.D. Cal. June 23, 2026).

## III. Discussion

Petitioner requests an EAJA attorneys' fees award of $5,000. *See Mot.* at 2. The Court assesses Petitioner's request pursuant to the three elements stated above. *Benally*, 154 F.4th at 633.

### A. Whether Plaintiff is a Prevailing Party

Petitioner is a prevailing party with respect to his habeas Petition. *See* Dkt. # 13 (granting Petitioner's petition for writ of habeas corpus and granting a permanent injunction). A litigant who "succeeds on any significant issue in litigation which achieves some benefit [it] sought in bringing suit" can be considered a 'prevailing party.'" *Valdez-Lopez v. Chertoff*, No. C05-04192 RMW, 2007 WL 2070215 (N.D. Cal. July 16, 2007) (quoting *United States v. 22249 Dolorosa St.,* 190 F.3d 977 (9th Cir. 1999)). On April 24, 2026, the Court granted Petitioner's habeas Petition and enjoined Respondents from re-detaining Petitioner absent written notice and a pre-deprivation hearing and from removing Petitioner to any third country without written notice to Petitioner and his

counsel. Dkt. # 13 at 6–7. Petitioner sought exactly this type of relief in his Petition. *See* Dkt. # 1 at 54–56. Accordingly, Petitioner is the prevailing party. *See, e.g., Alverdin v. Warden*, No. 5:26-CV-00333-SSS-BFM, 2026 WL 1710405, at *2 (C.D. Cal. May 26, 2026) (Petitioner is prevailing party entitled to award of attorney's fees under EAJA where habeas petition was granted); *see also Oscar C.M. v. Knight*, No.1:25-CV-01915-TLN-SCR, 2026 WL 743350, at*1 (E.D. Cal. Mar. 17, 2026) (same).

B. Whether the Government's Position was Substantially Justified

Respondents do not oppose the Motion. *See* Dkt.; *see also Patel Decl.* at 2. Accordingly, the Court concludes the government's position was not substantially justified. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004) (it is within the court's "discretion to determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified."); *see, e.g.*, *Xu v. Bondi*, No. 26-cv-1765-GPC-DEB, 2026 WL 1472773, at *1 (S.D. Cal. May 26, 2026) (concluding that the petitioner was entitled to an award of attorney's fees under the EAJA because the respondents did not file an opposition to the petitioner's motion); *Cong v. Noem*, No. 25-cv-3730-GPC-DEB, 2026 WL 1075236, at *1 (S.D. Cal. Apr. 20, 2026) (same).

C. Reasonableness of the Fee Award

Petitioner's Counsel attests to spending 28.9 hours on this case, "[e]xcluding time spent on this instant motion and purely clerical tasks. . . ." *Patel Decl.* ¶ 5. Accordingly, Petitioner's Counsel seeks an award of $5,000 in attorneys' fees. *Mot.* at 2; *Patel Decl.* ¶ 5.

To recover attorney fees under the EAJA, "[a] party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended." 28 U.S.C. § 2412(d)(1)(B). Absent from Petitioner's motion is an itemized statement of the actual time expended. Under the EAJA, "a district court that awards attorney fees must 'provide a concise but clear explanation of its reasons for the fee award.'" *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Without an itemized statement, the Court cannot explain its rationale for the fee award. Nor can the Court assess the

reasonableness of counsel's hours. Because the Court cannot provide a clear and concise explanation for an attorneys' fees award based solely on Petitioner's declaration of total hours expended, Petitioner has failed to demonstrate the reasonableness of the fees requested. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) ("[T]he court may conduct an 'hour-by-hour analysis of the fee request,' and exclude those hours for which it would be unreasonable to compensate the prevailing party.") (quoting *Gates*, 987 F.2d at 1399).

Accordingly, Petitioner's Motion for Attorneys' Fees is **DENIED WITHOUT PREJUDICE**.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Motion for Attorneys' Fees (Dkt. # 16) **WITHOUT PREJUDICE**. The August 21, 2026, hearing is **VACATED**.

IT IS SO ORDERED.

:

**Initials of Preparer** TJ